IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARRETT ROTTAU, MS16284,    )
                            )
        Plaintiff,          )
                            )
    vs.                     )        Case No. 3:25-cv-02124-MAB
                            )
PERCY MEYERS,               )
CHRISTINE BROWN, and        )
WEXFORD HEALTH SOURCES, INC., )
                            )
        Defendants.         )

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Garrett Rottau, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Pinckneyville Correctional Center (Pinckneyville), brings this action under 42 U.S.C. § 1983 for constitutional deprivations arising from his allegedly inadequate medical care at Pinckneyville. (Doc. 1). He seeks monetary and injunctive relief.[1] *Id.*

The Complaint is now before the Court for screening under 28 U.S.C. § 1915A.[2] Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *Id.*

---

[1] The Court construes Plaintiff's request for "injunctive relief" as a request for relief *at the close of the case.* If he requires interim injunctive relief in the form of a temporary restraining order (TRO) or preliminary injunction, Plaintiff may file a separate "Motion for TRO and/or Preliminary Injunction Under Fed. R. Civ. P. 65" at any time during the pending action.

[2] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections and Wexford.

1

### THE COMPLAINT

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 5-12): Plaintiff has been submitting written requests for treatment of back, stomach, and bowel problems since 2020. *Id*. at 5. Pinckneyville's medical and nursing staff provided him with "minimal pain medications," which frequently ran out, and prescription laxatives, which were ineffective. *Id*. at 6. He continued to seek treatment. *Id*.

While performing heavy lifting as a cellhouse porter on June 30, 2023, Plaintiff says he heard a loud popping sound in his back and suffered a collapsed disc. The following morning, he lost control of his right leg, suffered excruciating leg pain, and noticed numbness in his right foot and toes. Plaintiff informed an officer that he needed medical care, and he was taken by wheelchair to the health care unit (HCU). *Id*.

Plaintiff was placed in an isolation cell with a sleeping mat on July 1, 2023. Early that day, a nurse administered an injection that did not help his pain. *Id*. at 7. Around 7:30 p.m., another nurse informed Plaintiff that he could only have naproxen, and she provided it at 8:30 p.m. Then, two officers moved Plaintiff to A Ward, where he was given a blanket and two sleeping mats around 10:30 p.m. *Id*.

At 9:00 a.m. on July 2, 2023, a nurse instructed Plaintiff to sign release paperwork. When Plaintiff said he was still unable to walk, she injected him with medication. Plaintiff was also allowed to call his family. An inmate porter then pushed him in a wheelchair back to his cellhouse and let him hobble into his cell unassisted. *Id*. at 7-8.

For several months, Plaintiff remained in the same condition. *Id*. at 8. He suffered from pain, stiffness, and immobility. At some point, Plaintiff saw Dr. Meyers in the

asthma clinic. Plaintiff confronted the doctor about his inadequate medical care. He asked why the doctor refused to evaluate or treat him. *Id*. Dr. Meyers attempted to send Plaintiff back to his cellhouse without acknowledging his concerns. When Plaintiff warned that he would report his denial of care to a wing officer, Dr. Meyers gave him a prescription for naproxen (500 mg). *Id*.

Plaintiff then suffered an injury to his right shin and foot that resulted from constant hobbling after his back injury. *Id*. at 8-9. The hobbling forced his right foot into a permanent outward-facing position. In late 2023 or early 2024, Plaintiff underwent a right foot MRI, which revealed a stress fracture in his shin and foot. *Id*. at 9. Plaintiff was sent to a pain management clinic in October 2024. Although a specialist recommended injections with narcotic pain medication, he never received any. *Id*. Plaintiff suffered permanent nerve damage, pain, numbness, deformities, and loss of mobility in his right foot. *Id*. at 12.

In January or February 2025, Plaintiff met with an outside foot specialist, who reviewed his medical charts and scans. *Id*. at 9. The specialist recommended an updated MRI of his spine and further evaluation with an orthopedic specialist to determine whether there was a connection between his back, stomach, and bowel issues. Plaintiff was never sent for additional testing or treatment. He was instead placed on three stomach medications and ibuprofen, which caused additional stomach issues, internal bleeding, and bloody stools. *Id*. at 11-12.

HCU Administrator Christine Brown failed to schedule an appointment or arrange a medical writ for further scans, tests, and/or treatment of Plaintiff. *Id*. at 9-10.

His family's requests for medical records and other "institutional correspondence" should have put Brown on notice of Plaintiff's medical needs. Even so, Brown never released his medical records or arranged treatment. *Id*. at 10-11.

At all times, Dr. Meyers served as the primary physician at Pinckneyville and, according to Plaintiff, delayed or denied necessary testing and treatment for his back, stomach, bowel, and foot problems. The doctor chose to treat him with only pain relievers, and this medication complicated his condition by causing internal bleeding and bloody stools. *Id*.

When making medical decisions, Plaintiff alleges that Dr. Meyers acted pursuant to policies and procedures of Wexford Health Sources, Inc. According to Plaintiff, Wexford had a policy of delaying or denying treatment for non-life-threatening conditions to reduce the cost of inmate medical care. Dr. Meyers acted pursuant to this policy when choosing to treat Plaintiff's symptoms with pain medication instead of ordering diagnostic testing and treatment of his underlying medical condition(s). *Id*.

### PRELIMINARY DISMISSALS

Plaintiff mentions the following individuals in the statement of his claim but does not identify them as defendants in the Complaint: unidentified medical staff, nursing staff, and officers. (Doc. 1). The Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. FED. R. CIV. P. 10(a) (caption of complaint "must name all the parties").

4

## DISCUSSION

Based on the allegations set forth above, the Court designates the following claims in this *pro se* Complaint:

Count 1: HCU Administrator Brown exhibited deliberate indifference to Plaintiff's back, stomach, bowel, and foot injuries at Pinckneyville, in violation of the Eighth Amendment.

Count 2: Dr. Meyers exhibited deliberate indifference to Plaintiff's back, stomach, bowel, and foot injuries at Pinckneyville, in violation of the Eighth Amendment.

Count 3: Wexford Health Sources, Inc. had a policy of delaying or denying non-life-threatening medical care for inmates to save on costs, and this policy caused the delay or denial of necessary medical care for Plaintiff's back, stomach, bowel, and foot injuries at Pinckneyville, in violation of the Eighth Amendment.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[3]**

The Eighth Amendment guards against cruel and unusual punishment of prisoners. U.S. CONST. amend VIII. A plaintiff bringing an Eighth Amendment claim based on the denial of adequate medical care must make two showings. First, the plaintiff must set forth allegations describing an objectively serious medical condition. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Second, he must describe deliberate indifference to that condition by each defendant. *Id.*

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

1.      **Serious Medical Condition**

An objectively serious medical condition is one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person. *Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014). Plaintiff complains of back, stomach, bowel, and foot conditions, and he alleges that medical providers, including physicians, recommended further evaluation and treatment of each condition. The Seventh Circuit Court of Appeals has also recognized that back pain, stomach bleeding, bowel issues, and bone fractures are each objectively serious. *See, e.g., Diaz v. Godinez*, 693 Fed. App'x 440 (7th Cir. 2017) (chronic back pain); *Lewis v. McLean*, 864 F.3d 556 (7th Cir. 2017) (back pain and muscle spasms); *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473 (7th Cir. 2022) (Crohn's Disease); *Reed v. McBride*, 178 F.3d 849 (7th Cir. 1999) (internal bleeding and pain caused by doctor-prescribed medication); *Zaya v. Sood*, 836 F.3d 800 (7th Cir. 2016) (broken hand, dislocated finger, tissue damage, with open wound); *Duncan v. Duckworth*, 644 F.2 653 (7th Cir. 1981) (broken wrist). Plaintiff's medical conditions are each sufficiently serious to support this claim at screening.

2.      **Deliberate Indifference**

Deliberate indifference occurs when a defendant knows of an excessive risk of harm to an inmate's health and either acts, or fails to act, in disregard of that risk. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). This standard is "more than negligence and approaches intentional wrongdoing." *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998). Even so, a plaintiff "need not prove that the prison official intended, hoped for, or desired the harm that transpired." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir.

2002). Plaintiff is also not required to show that he was literally ignored. *Greeno v. Daley*, 414 F. 645, 653 (7th Cir. 2005).

According to the allegations, HCU Administrator Brown failed to schedule outside appointments or medical writ(s). However, Plaintiff does not allege that anyone informed Brown that he required additional treatment or requested Brown's assistance in securing it. Plaintiff vaguely alleges that "institutional correspondence" and his family's requests for medical records should have put Brown on notice of his need for additional treatment. This vague assertion of notice and knowledge falls short of establishing deliberate indifference, even at this early stage. Count 1 shall be dismissed without prejudice for failure to state a claim against Brown.

According to the Complaint, Dr. Meyers disregarded Plaintiff's need for evaluation, testing, and treatment of each underlying condition and instead provided him with over-the-counter pain relievers. However, Plaintiff contends the naproxen, ibuprofen, and other pain relievers did not help his back, foot, or bowel problems. They only complicated his condition by causing stomach issues, internal bleeding, and bloody stools. A medical professional's decision to use an "'easier and less efficacious treatment' without exercising professional judgment" may rise to the level of deliberate indifference. *McGowan v. Hulick*, 612 F.3d 636 (7th Cir. 2010). Persistence in a course of treatment "known to be ineffective" violates the Eighth Amendment. *Greeno*, 414 F. at 655. And, a delay in effective medical treatment may also support a claim, particularly where it results in prolonged and unnecessary pain. *Grievance v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (reversing summary judgment where inmate did not receive treatment for

7

painful broken nose for two days). At this stage of the case, Plaintiff has stated a claim against Dr. Meyers in Count 2.

The Complaint also articulates a claim of deliberate indifference against Wexford Health Sources, Inc. A private medical corporation can be held liable for deliberate indifference if an unconstitutional policy, custom, or widespread practice of the corporation caused the constitutional deprivation at issue. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). The doctrine of *respondeat superior* does not apply under § 1983, so Wexford cannot be held liable for the misconduct of its employees absent this showing of a policy, custom, or widespread practice. *Id*. Plaintiff alleges that the corporation had a policy of denying or delaying non-life-threatening medical care to inmates to save on the cost of inmate medical care, and Dr. Meyers relied on this policy when authorizing treatment with excessive over-the-counter pain medication while denying testing and treatment of Plaintiff's underlying back, stomach, bowel, and foot conditions. At this stage of the case, Plaintiff's allegations are sufficient to state a claim against Wexford and Count 3 shall proceed against Wexford.

### DISPOSITION

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, and the following claims will proceed: **COUNT 2** against **PERCY MEYERS** and **COUNT 3** against **WEXFORD HEALTH SOURCES, INC.**

**IT IS ORDERED** that **COUNT 1** against **CHRISTINE BROWN** is **DISMISSED** without prejudice for failure to state a claim.

**IT IS ORDERED** that the **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER (official capacity only)** is **ADDED** as a defendant based on Plaintiff's request for injunctive relief.

With regard to **COUNTS 2** and **3**, the Clerk shall prepare for **PERCY MEYERS, WEXFORD HEALTH SOURCES, INC.** and **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER (official capacity only):** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

9

**Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE Christine Brown as a defendant in CM/ECF; ADD the WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER (official capacity only) as a defendant in CM/ECF; and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

IT IS SO ORDERED.

DATED: April 29, 2026

_____
**MARK A. BEATTY**
**United States Magistrate Judge**

10

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file Answers to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.